IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ZERRICK CHARLES ROBINSON,   ) | |
|     Petitioner,   ) | |
| ) | Criminal Action No. 12-00090-KD-C |
| v.   ) | |
| ) | |
| UNITED STATES OF AMERICA,   ) | |
| ) | |
|     Respondent.   ) | |

**ORDER**

This matter is before the Court on Petitioner's motion to stay and hold Petitioner's motion pursuant to 28 U.S.C. § 2255 in abeyance pending the United States Supreme Court's decision in *Lynch v. Dimaya*, 137 S. Ct. 31 (2016), the United States' objection, and Petitioner's reply. (Docs. 155, 157, and 158). Upon consideration, and for the reasons discussed herein, the motion to stay and hold in abeyance (Doc. 155) is **GRANTED** and the matter is **STAYED**.

**I.    Background**

In 2012, Petitioner pled guilty to conspiracy to use and carry a firearm in connection with a crime of violence and possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(o) (Count 1); kidnapping, in violation of 18 U.S.C. § 1201(a)(1) (Count 2); and use of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 3).  (Doc. 105). He was sentenced to 360 months in the custody of the Bureau of Prisons. (Id.). As noted in the Judgment, "Said term consists of 240 months, as to Count 1; 276 months, as to Count 2; said terms to run concurrently; and, 84 months, as to Count 3; said term to run consecutively to the custody sentences imposed in Counts 1 and 2." (Doc. 105 at 2).

On July 22, 2016, the Court of Appeals for the Eleventh Circuit authorized Petitioner to

file a second or successive motion pursuant to 28 U.S.C. § 2255 as to his claims regarding §§ 924(c) and 924(o). (Doc. 142).[1] The United States has responded to the petition and Petitioner's reply deadline is set for March 9, 2017. (Doc. 153).

Petitioner's motion pursuant to § 2255 contains claims that Petitioner was "denied due process when he was convicted and sentenced under the residual clauses of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 924(o) because those clauses were invalidated as unconstitutionally vague by *Johnson*." (Doc. 155 at 2). Petitioner's claim is based in part on the holding in *Johnson v. United States*, 135 S. Ct. 2251 (2015). In *Johnson*, the United States Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") (18 U.S.C. § 924(e)) is unconstitutionally vague because it creates uncertainty about how to evaluate the risks posed by a crime and how much risk it takes to qualify as a violent felony. 135 S. Ct. 2251, 2557-58, 2563 (2015).[2]

Section 924(c)(1) provides for a mandatory consecutive sentence for any defendant who uses a firearm during a crime of violence or a drug trafficking crime. 18 U.S.C. § 924(c)(1).[3] Section 924(c)(3)(A)-(B) states:

> For purposes of this subsection the term "crime of violence" means an offense that is a felony and— (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

---

[1] The Court of Appeals denied the application as to Petitioner's claim pertaining to his mental capacity to plead guilty. (Doc. 142 at 7).
[2] The ACCA defines a violent felony as any crime punishable by imprisonment for a term exceeding one year that: (1) has as an element the use, attempted use, or threatened use of physical force against the person of another; (2) is burglary, arson, or extortion, or involves use of explosives; or (3) otherwise involves conduct that presents a serious potential risk of physical injury to another. 18 U.S.C. § 924(e)(2)(B); *Mays v. United States*, 817 F.3d 728, 730-31 (11th Cir. 2016). These three "clauses" are known as the "elements clause," the "enumerated clause," and the "residual clause," respectively. *Mays* at 731.
[3] "[N]o term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed." 18 U.S.C. § 924(c)(1)(D)(ii).

18 U.S.C. § 924(c)(3)(A)-(B). Though the Court of Appeals has acknowledged the similarity of the residual clauses of 18 U.S.C. §§ 924(c) and 924(e), it has yet to decide whether *Johnson* extends to the residual clause contained in § 924(c)(3)(B). *In re Pinder*, 824 F.3d 977, 978 (11th Cir. 2016 ("Our Court hasn't decided if *Johnson* applies to § 924(c)(3)(B). However, the language in § 924(c) and § 924(e) is very similar."). Additionally, the Court of Appeals' order authorizing Petitioner to file a second or successive motion pursuant to § 2255 stated, "We have not yet decided whether *Johnson* applies to § 924(c)(3)(B)"). (Doc. 142 at 4).

In its Order authorizing Petitioner to file a second or successive motion pursuant to § 2255, the Court of Appeals explained, "[W]e grant [Petitioner's] application and allow the district court to decide whether [Petitioner's] conviction under § 924(c) involved a crime of violence that qualifies under § 924(c) after *Johnson*." (Doc. 142 at 6). The Court of Appeals also noted, "Because § 924(o) is premised on § 924(c), [Petitioner's] § 924(o) conviction would be undermined if the companion crime of violence is not a valid predicate under § 924(c) following *Johnson*." (Doc. 142 at 6). Thus, two of Petitioner's three 2012 convictions *may* be subject to invalidation. However, Petitioner's unchallenged kidnapping 18 U.S.C. § 1201(a)(1) conviction (Count 2) remains valid. Thus, his 276 month sentence for this crime will not be impacted by the possible invalidation of his convictions pursuant to 18 U.S.C. §§ 924(c) and 924(o).

II.     **Motion to Stay and Hold in Abeyance**

On February 9, 2017, counsel from the Federal Defender's Office entered a notice of appearance on behalf of the Petitioner. (Doc. 154). The same day, Petitioner filed the instant motion to stay and hold his § 2555 motion in abeyance. (Doc. 155). As grounds, Petitioner cites the forthcoming United States Supreme Court decision in in *Lynch v. Dimaya*, where the Court is expected to determine "[w]hether 18 U.S.C. [§] 16(b), as incorporated into the Immigration and

Nationality Act's provisions governing an alien's removal from the United States, is unconstitutionally vague." Brief for Petitioner at (I), *Lynch v. Dimaya*, 137 S. Ct. 31 (2016) (No. 15-1498), 2016 WL 6768940 at *1. The definition of crime of violence contained in § 16(b) is materially identical to the definition contained in § 924(c).

The United States has objected to the motion, reiterating its argument that Petitioner's claims are procedurally barred. (Doc. 157 at 1-2).[4] Thus, according to the United States, the Court "need not wait on the resolution of *Dimaya* or, for that matter, any decision directly or tangentially related to § 924(c)(3)(B)'s residual clause." (*Id*. at 2). The Court has examined the parties' arguments related to Petitioner's claims being procedurally barred. For the same reasons discussed in Section B of the Southern District of Florida decision in *Duhart v. United States*, it appears that Petitioner's claims are not procedurally barred. 2016 WL 4720424 at *1, *3-4 (S.D. Fla. Sept. 9, 2016).

There are two pertinent, unanswered questions before this Court. First, whether *Johnson* extends to § 924(c)'s residual clause.[5] Second, whether, if § 924(c)'s residual clause is invalidated, a kidnapping conviction pursuant to 18 U.S.C. § 1201 qualifies as crime of violence pursuant to § 924(c)'s elements clause. With regard to the second question, if the Court were to determine that a violation of § 1201 is a crime of violence pursuant to the statute's elements clause, there would be no need to wait for guidance as to whether § 924(c)'s residual clause is unconstitutionally vague. Though there is currently no binding authority on this question, upon the Court's initial evaluation, it appears that a conviction under this statute would not satisfy the elements clause of either § 924(c) or (e). Section 1201 (a)(1) states:

---

[4] The United States also made this argument in its response to Petitioner's § 2255 motion. (Doc. 147).
[5] The United States' objection also contends that several other Court of Appeals' decisions, holding that *Johnson* does not invalidate § 924(c)'s residual clause, are more persuasive than *Dimaya's* potential outcome. (Doc. 157 at 2).

4

> Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, except in the case of a minor by the parent thereof, when….the person is willfully transported in interstate or foreign commerce, regardless of whether the person was alive when transported across a State boundary, or the offender travels in interstate or foreign commerce or uses the mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense….shall be punished by imprisonment for any term of years or for life and, if the death of any person results, shall be punished by death or life imprisonment.

18 U.S.C. § 1201. Because a kidnapping may be committed by decoying or inveigling the victim, the elements of § 1201 do not require the use of violent, physical force. *See also e.g. United States v. Bustos*, 2016 WL 6821853, at *1 (E.D. Cal. Nov. 17, 2016)(containing a thorough discussion of whether § 1201 satisfies § 924(c)'s elements clause).

As to the first question raised above, either the Court of Appeals for the Eleventh Circuit or the United States Supreme Court will ultimately decide whether § 924(c)(3)(B) or the language contained therein is constitutional in light of *Johnson*, possibly once the Court decides *Dimaya v. Lynch*, 137 S. Ct. 31 (2016) and/or *Beckles v. United States*, 136 S. Ct. 2510 (2016).[6] The Court has held oral arguments in both cases and decisions are anticipated this term.

Therefore, the Court finds it appropriate to hold the § 2255 motion in abeyance pending the Supreme Court's decision in *Dimaya*. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) (holding that a district court "has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Telephone Science Corporation v. Hilton Grand Vacations Company, LLC*, 2015 WL 7444409 (M.D. Fla. Nov. 20, 2015) ("Where 'a federal appellate decision ... is likely to have a substantial or controlling effect on the claims and issues,' a stay may be warranted.") (citing *Miccosukee Tribe of Indians v. S. Fla. Water Mfmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009)).

---

[6] The Court acknowledges that *Beckles* was not relied upon in seeking a stay of this matter. The Court simply notes that it *may* also have an impact on this or similar *Johnson* related § 2255 motions.

**III.     Conclusion**

Upon consideration of the foregoing, Petitioner's motion to stay and hold in abeyance (Doc. 155) is **GRANTED**. Petitioner's March 9, 2017 reply deadline is **CANCELLED** and will be **RESET** once the stay is lifted. If a decision in *Lynch v. Dimaya,* is not reached by July 5, 2017, Petitioner is ordered to file a status report on or before **July 7, 2017**. Additionally, should either party become aware of controlling authority on any of the issues presented here, they are directed to file notice of such authority with the Court.

**DONE** and **ORDERED** this **24th** day of **February 2017.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**