# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| ZERRICK ROBINSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 12-00090-KD-C |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

This action is before the Court on Petitioner Zerrick Robinson's motion to vacate pursuant to 28 U.S.C. § 2255, the United States' response, Robinson's status report, the United States' response and supplemental response to the status report, Robinson's supplement to his pending motion, the United States' response, and Robinson's reply (docs. 136, 147, 168, 171, 172, 176, 179, 182).[1] Upon consideration, and for the reasons set forth herein, the stay is LIFTED,[2] Robinson's motion to vacate his convictions and sentences for violation of 18 U.S.C. § 924(o) and violation of 18 U.S.C. § 924(c)(1)(A) (Counts One and Three) is GRANTED. Robinson's conviction and sentence for kidnapping in violation of 18 U.S.C. § 1201(a)(1) (Count Three) remains 276 months, as previously determined.

I. Background

In 2012, Robinson pled guilty to conspiracy to use and carry or possess a firearm during or in connection with or in furtherance of a crime of violence in violation of 18 U.S.C. § 924(o)

---

[1] The United States withdrew its argument that kidnapping as defined in 18 U.S.C. § 1201(a)(1) is a crime of violence under the elements clause of 18 U.S.C. § 924(c)(3)(A) (doc. 183).

[2] Robinson's motion to stay and hold in abeyance is moot (docs. 173, 174).

(Count One); kidnapping in violation of 18 U.S.C. § 1201(a)(1) (Count Two); and use of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Three) (doc. 105). He was sentenced to a total term of 360 months in the custody of the Bureau of Prisons. (Id.). The term consists of 240 months as to Count One and 276 months as to Count Two, to serve concurrently, and 84 months as to Count Three to serve consecutively (Id., p. 2).

Robinson filed a second successive motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 136). Robinson argued that his § 924(c)(1)(A)(ii) and § 924(o) convictions violated due process and should be vacated because the companion offense of federal kidnapping did not qualify as a crime of violence as defined in § 924(c)(3)(A) (the elements clause) or (B) (the residual clause). Robinson relied upon the decision in Johnson v. United States, 576 U.S. - - -, 135 S. Ct. 2551 (2015), wherein the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA) was unconstitutionally vague and thus imposing a sentence under that clause violated due process. In Welch v. United States, 578 U.S. - - -, 136 S. Ct. 1257 (2016) the Supreme Court held that Johnson "announced a new substantive rule that applied retroactively on collateral review" (doc. 142, p. 2, 4).

This Court construed the motion as brought pursuant to 28 U.S.C. § 2255(h)(2)[3] for authorization for consideration of a second or successive motion pursuant to 28 U.S.C. § 2255 and transferred the motion to the Court of Appeals for the Eleventh Circuit (doc. 137). On July 22, 2016, the Eleventh Circuit authorized filing the motion with respect to Robinson's claim that he was "denied due process because he was convicted and sentenced for the violations of 18

---

[3] "(h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-- . . . (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C.A. § 2255(h)(2).

U.S.C. § 924(c) and 924(o) based on the residual clauses in those statutes" (doc. 142, p. 2). The Eleventh Circuit noted the similar language in the two statutes and stated that it had not yet decided whether Johnson applied to § 924(c)(3)(B). The Eleventh Circuit also stated that it had not yet decided whether the companion offense of federal kidnapping "categorically qualifies as a crime of violence for § 924(c) purposes." (Id., p. 5).

The Eleventh Circuit decided that Robinson had made a "*prima facie* showing that his motion contains a new rule of constitutional law" and granted his application[4] to "allow the district court to decide whether Robinson's conviction under § 924(c) involved a crime of violence that qualifies under § 924(c) after *Johnson*." (Id., p. 8). The Eleventh Circuit also decided that Robinson "made a *prima facie* showing with regard to his challenge to his § 924(o) conviction" because it is premised on § 924(c) and "would be undermined if the companion crime of violence is not a valid predicate under § 924(c) following *Johnson*." (Id.)

This Court accepted Robinson's second § 2255 motion and the United States filed its response (docs. 136, 147). However, Robinson filed a motion to stay and hold in abeyance pending the decision in Sessions v. Dimaya, 584 U.S. - - -, 138 S. Ct. 1204 (2018). Robinson argued that the decision could be dispositive because Dimaya challenged an identically worded residual clause found in 18 U.S.C. § 16(b). Section 16(b) had been incorporated into the Immigration and Nationality Act to define "aggravated felony".[5] Cf. § 924(c)(3)(B) with § 16(b)

---

[4] The Eleventh Circuit denied the application as to Robinson's claim that he was not mentally competent to enter a plea of guilty (doc. 142, p. 7).

[5] 8 U.S.C. § 1101(a)(43)(F) incorporating 18 U.S.C. § 16 ("The term 'crime of violence' means – (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.")

3

(docs. 155, 158). The United States opposed the stay on basis that Robinson's claims were procedurally barred (doc. 157).

The Court stayed the motion upon finding there were two unanswered questions: Whether Johnson extended to § 924(c)(3)(B)'s residual clause and whether kidnapping pursuant to 18 U.S.C. § 1201(a)(1) qualified as a crime of violence under the elements clause in § 924(c)(3)(A) (doc. 159). However, the Court made an initial evaluation that a conviction under § 1201(a)(1) would not meet the elements clause. The Court found it appropriate to hold Robinson's § 2255 motion in abeyance pending a decision in Dimaya, directed Robinson to file a status report, and directed the parties to notify the Court, should they "become aware of controlling authority on any of the issues presented" in this order.

Robinson filed a status report advising the Court that Dimaya had not been decided by the end of the Supreme Court's term, but the Eleventh Circuit had issued an opinion in Ovalles v. United States, wherein it found that the decision in Johnson did not apply to or invalidate the residual clause in § 924(c)(3)(B), and that the residual clause was not unconstitutionally vague. Ovalles, 861 F.3d 1257, 1268–69 (11th Cir. 2017). Robinson maintained that the decision in Dimaya could determine the issue (doc. 163). The Court continued the stay, ordered Robinson to file a status report within seven days of the decision, and directed the parties to notify the Court, should they "become aware of controlling authority on any of the issues presented" in this order. (doc. 164).

Dimaya was decided in April 2018. The Supreme Court found that the residual clause in 18 U.S.C. § 16(b) was unconstitutionally vague. The Supreme Court explained that § 16(b) mandates the application of a categorical approach, and as with Johnson, found that application of this approach rendered § 16(b) impermissibly vague. 584 U.S. - - -, 138 S. Ct. 1204 (2018).

Robinson filed a status report as directed (doc. 166). He argued that his case should proceed on the merits because his convictions and sentence were undermined by the Supreme Court's decisions in both Johnson and Dimaya (doc. 166).

In view of the decisions in Johnson and Dimaya, the Eleventh Circuit vacated its panel opinion and reheard Ovalles *en banc*.[6] 889 F.3d 1259 (11th Cir. 2018). The Court found that since an *en banc* decision may alter circuit precedent, the action would be stayed pending a decision (doc. 167). Again, Robinson was ordered to file a status report within seven days of the Ovalles *en banc* decision, and parties were directed to notify the Court, should they "become aware of controlling authority on any of the issues presented" in this order.

On rehearing, the Eleventh Circuit again found that the residual clause was not unconstitutionally vague. Ovalles v. United States, 905 F.3d 1231, 1252-53 (11th Cir. 2018) (*en banc*) (Ovalles II). In so doing, the Eleventh Circuit expressly overruled its circuit precedent regarding which approach to apply to a companion offense. 905 F.3d at 1252. Previously, a categorical approach was applied to determine whether the companion offense constituted a crime of violence under § 924(c)(3)(A) (the elements clause) and (B) (the residual clause). United States v. McGuire, 706 F.3d 1333 (11th Cir. 2013). The Eleventh Circuit clarified that a categorical approach applied to (A), but a conduct-based approach applied to (B). With a conduct-based approach, the latter was not unconstitutionally vague in light of Johnson and Dimaya. Ovalles II, 905 F.3d at 1252.)

Robinson filed a Status Report advising the Court of the controlling authority in Ovalles

---

[6] The panel had "held that the question whether Ovalles's attempting-carjacking offense constitutes a 'crime of violence' within the meaning of § 924(c)(3) had to be answered using the categorical approach" and that "*Johnson* did not invalidate § 924(c)(3)'s residual clause because, it said, the definition of 'crime of violence' in § 924(c)(3)(B) is clearer than the definition of 'violent felony' in the ACCA." Ovalles II, 905 F.3d at 1236 (citing Ovalles I).

5

II. However, he argued that this Court should disregard the decision in Ovalles II and follow the Supreme Court's reasoning in Johnson and Dimaya (doc. 168). The United States filed a response and supplemental response in objection (docs. 171, 172).

Then, Robinson moved the Court to stay consideration of his § 2255 motion pending the United States Supreme Court's decision upon the petitions for writ of certiorari filed in United States v. Davis, Case No. 18-431, and United States v. Salas, Case No. 18-428 (doc. 173). Robinson asserted that the question presented in these cases is "[w]hether the subsection specific definition of 'crime of violence' in 18 U.S.C. § 924(c)(3)(B), which applies only in the limited context of a federal criminal prosecution for possessing, using, or carrying a firearm in connection with acts comprising such a crime, is unconstitutionally vague." (doc. 173, p. 4). Robinson argued that the outcome would directly impact this action.

The United States informed the Court that the Supreme Court granted the Solicitor General's petition for writ of certiorari in United States v. Davis, --- S. Ct. ---, No. 18-431, 2019 WL 98544, at *1 (U.S. Jan. 4, 2019)[7] (doc. 174). The United States acknowledged that the question had been settled in the Eleventh Circuit but there was a three-to-three circuit split. The United States agreed with Robinson that this action "should be stayed and held in abeyance until the Supreme Court issues its opinion" (Id.).

In June 2019, the Supreme Court decided United States v. Davis. The Supreme Court "extended its holdings in Johnson and Dimaya to § 924(c) and held that § 924(c)(3)(B)'s residual clause, like the residual clauses in the ACCA and § 16(b), is unconstitutionally vague." In re Hammoud, 931 F.3d 1032, 1037 (11th Cir. 2019) (quoting United States v. Davis, 588 U.S. at - -

---

[7] In United States v. Salas, the petition for writ of certiorari was denied. 139 S. Ct. 2773 (June 28, 2019).

-, 139 S. Ct. 2319, 2336 (2019)). "[T]he Supreme Court resolved a circuit split, rejecting the position . . . that § 924(c)(3)(B)'s residual clause could be saved from unconstitutionality if read to encompass a conduct-specific, rather than a categorical, approach." Id. (citing Davis, 139 S. Ct. at 2325 & n.2, 2332-33). "The Davis Court emphasized that there was no 'material difference' between the language or scope of § 924(c)(3)(B) and the residual clauses invalidated in Johnson and Dimaya, and therefore concluded that § 924(c)(3)(B)'s residual clause must suffer the same fate." Id. (citing Davis, 139 S. Ct. at 2326, 2336). Therefore, the Supreme Court abrogated the Eleventh Circuit's decision in Ovalles II.

The Court ordered Robinson to file "a supplement to his motion which explains how the decision in United States v. Davis impacts his pending motion" and set a time frame for the United States to respond (doc. 175). In the supplement, Robinson argues that his companion offense of federal kidnapping is not a crime of violence as defined in the elements clause, and therefore, since the Supreme Court has now found the residual clause unconstitutional, his convictions for the firearms related offense in § 924(o) and § 924(c)(1)(A)(ii) must be vacated in light of the decision in Davis (doc. 176). Robinson also argues that he need not seek circuit authorization to raise a new claim under Davis claim because his claim has always been that § 924(c)(3)(B) is unconstitutionally vague, his claim has never been denied on the merits, and he may amend his pre-authorized successive § 2255 motion with additional claims pursuant to the Rules of Civil Procedure (doc. 182).

The United States raises two arguments in opposition (doc. 179). The United States argues that Davis announced a new rule of constitutional law that is retroactive on collateral review, and therefore, Robinson should apply to the Eleventh Circuit for authorization to proceed with a new successive habeas claim based on Davis. The United States also argues that federal

7

kidnapping still qualifies as a crime of violence under the elements clause in § 924(c)(3)(A) and that Robinson has not met his burden to show that his kidnapping offense fell only under the unconstitutional residual clause, and not the elements clause. The United States withdrew the latter argument (doc. 183).

II. Analysis

A. Supplements to Robinson's Motion

The United States argues that the Eleventh Circuit previously granted authorization for Robinson to file a second successive § 2255 motion but "on a different theory than he now asserts" (doc. 179, p. 9). Specifically, a Johnson claim. Relying upon the decision in In re Hammoud, the United States argues that Robinson's Davis-based claim is a new successive § 2255 claim and the correct procedure is to return to the Eleventh Circuit and obtain authorization to file a new successive § 2255 motion based on Davis (doc. 179).

Robinson argues that he supplemented his motion as ordered by the Court, not because he was adding a new claim. He points out that his claim has not changed. He still argues that his convictions under § 924(c) and § 924(o) which involve the use, carry, or possession of a firearm in relation to, during, or in furtherance of a crime of violence are invalid because federal kidnapping is not a crime of violence as defined in § 924(c)(3)(A) or (B). Robinson also argues that even if he is asserting a new claim, the Court would have jurisdiction without his first obtaining authorization from the Eleventh Circuit, because he may amend his motion pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure (doc. 182).

The Court agrees that Robinson may amend or supplement his § 2255 motion to add the decisions in Dimaya and Davis as additional legal support for his claim as provided in the Federal Rules of Civil Procedure. Specifically, Fed. R. Civ. P. 15 is made applicable to habeas

8

proceedings by 28 U.S.C. § 2242, Fed. R. Civ. P. 81(a)(4), and Rule 12 of the Rules Governing Section 2255 Cases for the United States District Courts. Section 2242 states that an application for writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Rule 81(a)(4) states that the Federal Rules of Civil Procedure "apply to proceedings for habeas corpus . . . to the extent that the practice in those proceedings . . . is not specified in a federal statute, the Rule Governing § 2254 Case, or the Rules Governing § 2255 Cases; . . . and has previously conformed to the practice in civil actions." Rule 12 of the Rules Governing Section 2255 Cases states that the "Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." See Collins v. United States, - - - Fed. Appx. - - -, 2019 WL 3027692, at *2 (11th Cir. July 11, 2019) ("Importantly, Rule 15(a) applies in § 2255 proceedings. A district court abuses its discretion when it fails to provide adequate justification for the denial of a motion to amend."); See Umar v. United States, 2019 WL 4261113 (E.D. Va. Sept. 5, 2019) (taking under advisement Umar's successive § 2255 motion based on Johnson and ordering "additional briefing in light of the state of emerging law" including Davis before deciding the motion).

The Court sees no impediment to Robinson's amending or supplementing his § 2255 motion to raise arguments based on evolving case law regarding the constitutionality of the substantially similar clause in the ACCA, or the nearly identical residual clause § 16(b), and as to § 924(c)(3)(B), that now provide additional grounds for the claim for which he initially sought relief – that his § 924(c) and § 924(o) convictions should be vacated. Accordingly, Robinson's motion is deemed supplemented to include arguments based upon Dimaya and Davis.

B. Whether the requirements of 28 U.S.C. § 2255(h) have been met.

The Eleventh Circuit explained that its decision to authorize filing a second or successive § 2255 motion is only a "threshold determination" that Robinson has "made a *prima facie* showing that he has met the statutory criteria of § 2255(h)" but "does not conclusively resolve that issue" (doc. 142, p. 6). However, the Eleventh Circuit explained that this Court should not defer to its decision. Instead, the Court must look "at the § 2255(h) requirements *de novo*," and determine whether they are met. (doc. 142, p. 7).

Section 2255(h), in relevant part, states as follows:

(h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain— . . .

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)(2).

Relevant to Robinson's motion, 28 U.S.C. § 2244(b)(2)(A), states as follows:

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; …

28 U.S.C. § 2244(b)(2)(A).

Robinson's instant motion was originally authorized by the Eleventh Circuit on basis of the decision in Johnson, wherein the Supreme Court ruled that the ACCA's "residual clause", which is similar to the residual clause in § 924(c)(3)(B,) was unconstitutionally vague. Johnson, 135 S. Ct. at 2563. In Welch, the Supreme Court held that Johnson "announced a new substantive rule that applied retroactively on collateral review" (doc. 142, p. 2, 4).

Robinson argued that the decision in Johnson applied to the residual clause in § 924(c)(3)(B). He asserted that "[a]lthough the Supreme Court's decision in Johnson, *supra,* dealt with the residual clause in 18 U.S.C. § 924(e), there exists no meaningful difference between it and 18 U.S.C. § 924(c)[(3)(B)]." (doc. 136, p. 2) (bracketed text added). The new rule of constitutional law was previously unavailable when he filed his first § 2255 motion in 2014. Johnson was decided June 26, 2015 and Welch was decided in April 2016. Robinson filed this § 2255 motion in May 2016. Thus, Robinson's "claim relies on a new rule of constitutional law" to challenge the constitutionality of the similarly worded residual clause in § 924(c)(3)(B).[8]

Now, in Davis, the Supreme Court "extended its holdings in *Johnson* and *Dimaya* to § 924(c) and held that § 924(c)(3)(B)'s residual clause, like the residual clauses in the ACCA and § 16(b), is unconstitutionally vague." In re Hammoud, 931 F.3d 1032, 1037 (11th Cir. 2019) (citing Davis, 588 U.S. at ––––, 139 S. Ct. at 2336). The Eleventh Circuit held that Davis announced a new rule of constitutional law, explaining that "*Davis*, like *Johnson* before it, announce a new substantive rule" because it "narrow[ed] the scope of [§ 924(c)] by interpreting its terms, specifically, the term [crime of violence]" and "in striking down § 924(c)'s residual clause, *Davis* narrowed the class of people who are eligible' to be convicted under § 924(c)." In re Hammoud, 931 F.3d at 1038 (bracketed text in original). The Eleventh Circuit held that "for purpose of § 2255(h)(2), . . . taken together, the Supreme Court's holdings in *Davis* and *Welch* 'necessarily dictate' that *Davis* has been 'made' retroactively applicable to criminal cases that

---

[8] In the interim, the Eleventh Circuit had held that § 924(c)(3)(B)'s residual clause was not unconstitutionally vague under Johnson and that Johnson could not provide a rule of constitutional law that could support a vagueness challenge to the residual clause. Ovalles v. United States, 905 F.3d 1231 (11th Cir. 2018) (*en banc*) (Ovalles II); In re Garrett, 908 F. 3d 686, 689 (11th Cir. 2018). However, Ovalles II and In re Garrett have now been abrogated by the decision in Davis.

11

became final before *Davis* was announced." Id. Thus, Davis is also a new rule of constitutional law, made retroactive to cases on collateral review, that was previously unavailable to Robinson. 28 U.S.C. § 2255(h)(2).

Robinson supplemented his § 2255 motion to rely on Dimaya and Davis as support for his argument that his convictions under § 924(c) and § 924(o) should be vacated because § 924(c)(3)(B) is unconstitutionally vague. Accordingly, the Court finds that the requirements of § 2255(h)(2) have been met and the Court has jurisdiction to consider Robinson's motion.

C. <u>Whether kidnapping pursuant to 18 U.S.C. § 1201(a)(1) is a "crime of violence" as defined in 18 U.S.C. § 924(c)(3)(A)</u>

Since the Supreme Court has held that the residual clause in § 924(c)(3)(B) is unconstitutional, Robinson's firearms-based convictions may stand only if his conviction for kidnapping pursuant to § 1201(a)(1) qualifies as a crime of violence under the elements clause in § 924(c)(3)(A). This Court previously acknowledged the absence of binding authority and made an initial evaluation that federal kidnapping was not a crime of violence as defined in the elements clause. The Court stated that "[b]ecause a kidnapping may be committed by decoying or inveigling the victim, the elements of § 1201 do not require the use of violent, physical force." (doc. 159, p. 5).

Now, in his supplement to his § 2255 motion, Robinson argues that federal kidnapping as defined in § 1201(a)(1) is not a predicate crime of violence (doc. 176). He argues that applying the categorical approach, the elements of § 1201(a)(1) do not require the use of physical, violent force, and therefore, the offense does not qualify as a crime of violence as defined in § 924(c)(3)(A). (Id.)

Initially, the United States opposed Robinson's argument and asserted that federal

kidnapping is a crime of violence as defined in § 924(c)(3)(A) (doc. 179, p. 10-14). However, the United States withdrew its argument (doc. 183). The United States explained that the United States Department of Justice had issued specific guidance regarding the federal kidnapping statute after <u>Davis,</u> which necessitated withdrawal of this argument.

Previously, in the opinion authorizing Robinson's second or successive § 2255 motion, the Eleventh Circuit explained that it was "unclear whether Robinson's federal kidnapping conviction under 18 U.S.C. § 1201 has as an element the use, attempted use, or threatened use of physical force" (doc. 142, p. 6). The Eleventh Circuit compared the holding in <u>United States v. Salemi</u>, 26 F.3d 1084, 1087 (11th Cir. 1994) that "kidnapping qualifies as a crime of violence under the Sentencing Guidelines because it is listed in the explanatory notes of the Guidelines and inherently involves the threat of violence" with <u>United States v. Boone</u>, 959 F. 2d. 1550, 155 (11th Cir. 1992)[9] for its "holding that federal kidnapping can be accomplished by decoying or inveigling the victim into crossing interstate lines without the use or threatened use of force so long as the perpetrator was willing to use force if the scheme failed" (doc. 142, p. 6).

At present, the Eleventh Circuit has not decided the issue of whether federal kidnapping qualifies as a crime of violence for purposes of § 924(c)(3)(A). However, in a recent opinion, the Eleventh Circuit held that federal kidnapping does not qualify as a crime of violence for purposes of the offense of solicitation to commit a crime of violence in violation of 18 U.S.C. § 373. In <u>United States v. Gillis</u>, - - - Fed. Appx. - - -, 2019 WL 4383203 (11th Cir. Sept. 13, 2019), Gillis was convicted, among other offenses, for the offense of solicitation of another to commit federal kidnapping under § 1201(a), in violation of 18 U.S.C. § 373(a). The Eleventh

---

[9] For purposes of determining career offender status, the United States Sentencing Guidelines include kidnapping under federal or state law in the definition of crime of violence. U.S.S.G. § 4B1.2(a)(2).

Circuit recognized that the text of § 924(c)(3)(A) and § 373(a) were nearly identical and, following a lengthy analysis, determined that "[a]though there is some daylight between the § 373 and § 924(c)(3)(A) texts, there is not enough for a panel of our Court to chart a new course and depart from McGuire's categorical approach when applying the elements clause in § 373." Id. at *14. The Eleventh Circuit determined that § 1201(a) was an indivisible statute, which lists the means by which a single kidnapping crime may be committed, and that the categorical approach applied. Id. at *15-17. Then following a lengthy analysis, including an analysis of the physical force requirement present in § 373(a), the Eleventh Circuit decided that "[b]ecause § 1201(a) can be violated without the 'use, attempted use, or threatened use of physical force against property or against the person of another' as required by § 373(a)'s force clause, and because we know from Curtis Johnson and its progeny that 'physical force' does not include 'intellectual force or emotional force,' we conclude that Gillis's § 373 conviction must be reversed." Id. at *21.

Also, the Court of Appeals for the Fourth Circuit recently analyzed the federal kidnapping statute and held that "because both requirements of 18 U.S.C. § 1201(a) may be committed without violence, kidnapping clearly does not categorically qualify as a crime of violence under the force clause, § 924(c)(3)(A)." United States v. Walker, - - - F. 3d - - -, 2019 WL 3756052 (4th Cir. Aug. 9, 2019). Additionally, the Court of Appeals for the Seventh Circuit recently analyzed the statute, explaining that the "other way to satisfy § 924(c) is the elements clause, but we explained in United States v. Jenkins that kidnapping and holding a person for ransom does not categorically satisfy the elements clause. . . . In short, kidnapping may be accomplished without force, by 'inveigling' or 'decoying' a person without a threat of force, and by holding the person simply by locking him or her in a room, again without threat of violence."

14

United States v. Brazier, - - - F. 3d - - -, 2019 WL 3774126, at *3 (7th Cir. Aug. 12, 2019) (internal citation omitted).

The Court finds this reasoning persuasive. Therefore, the Court finds that federal kidnapping under § 1201(a)(1) does not categorically qualify as a crime of violence under the elements clause in § 924(c)(3)(A). Accordingly, Robinson's convictions in Count 1 and Count 3 are vacated.

D. Sentence for violation of 18 U.S.C. § 1201(a)(1)

When relief under § 2255 is granted, the Court is required to "vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." United States v. Brown, 879 F.3d 1231, 1235 (11th Cir. 2018) (citation omitted). Relevant to Robinson, the Court must determine whether to "resentence" or "correct the sentence." Id. The Eleventh Circuit found "that § 2255 envisions two different kinds of sentence modifications: a 'correction' being a more limited remedy, responding to a specific error; and a 'resentencing' being more open-ended and discretionary, something closer to beginning the sentencing process anew." Id. at 1236.

"In the context of a § 2255 motion requiring a change to a sentence, we ask the following two questions to determine whether a defendant is entitled to a resentencing hearing: (1) '[D]id the errors requiring the grant of habeas relief undermine the sentence as a whole?', and (2) '[W]ill the sentencing court exercise significant discretion in modifying the defendant's sentence, perhaps on questions the court was not called upon to consider at the original sentencing?'" United States v. Cowart, 745 Fed. Appx. 841, 843 (11th Cir. 2018) (quoting United States v. Brown, 879 F.3d at 1239-1240. "If the answers to these questions are affirmative, the district court's 'sentence modification qualifies as a critical stage in the

proceedings, requiring a hearing with the defendant present.'" Id.

The error which requires relief for Robinson does not undermine the sentence as a whole nor will this Court have to exercise significant discretion in modifying his sentence. Robinson pled guilty and was sentenced for the offense of federal kidnapping (Count Two). This offense no longer qualifies as a "crime of violence" for purposes of § 924(c). This Court relied upon that "crime of violence" to accept Robinson's plea of guilty and sentence him for the offenses of conspiracy to use and carry or possess a firearm during or in connection with or in furtherance of a crime of violence (Count One) and use of a firearm in furtherance of a crime of violence (Count Three). He was sentenced to a total term of 360 months, which consisted of 240 months as to Count One and 276 months as to Count Two, concurrently; and 84 months as to Count Three to serve consecutively.

For sentencing, the firearms-related convictions were grouped even though Count Three required a mandatory consecutive sentence. The Court separately calculated the sentencing guidelines range for federal kidnapping as 360 months to life, and ultimately sentenced Robinson to 276 months for that offense.[10] Thus, a sentence correction as to the firearms-related convictions does not undermine the sentence as a whole because the sentence remains the same for the federal kidnapping conviction. See United States v. Cowart, 745 Fed. Appx. at 844 ("The district court used the career-offender guideline, which was not invalidated by Johnson, to set Cowart's base offense level for the group of Counts One and Two, which notably, would have

---

[10] The United States moved for downward departure as to Counts One and Two only (doc. 102). The sentencing guidelines range was 360 months to life as to each count. The United States sought a reduction of 60 months, down to 300 months as to these Counts. Since the statutory maximum sentence for Count One was 240 months, the downward departure to 276 months could only apply to the sentencing guidelines range for kidnapping. The Court departed downward and imposed a sentence of 276 months as to Count Two (kidnapping).

been the same with or without Count Three [the sentence which was corrected pursuant to Johnson]") (bracketed text added).

The Court determines that correcting the sentence is the appropriate remedy. Therefore, a sentencing hearing is not necessary. Accordingly, Robinson's judgment is corrected to vacate the sentences for Counts One and Three. His sentence of 276 months as to Count Two remains in effect. All other terms and conditions of his sentence remain in effect.

E. Certificate of Appealability and proceeding in forma pauperis

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Since the final order is not adverse to Robinson, the Court need not address whether he is entitled to certificate of appealability. 28 U.S.C. § 2253(c)(1).

Robinson is represented by counsel appointed under the Criminal Justice Act, 18 U.S.C. § 3006(a)(1) and (c). In re Retroactive Application of the Supreme Court's Johnson v. United States Opinions, Misc. Action No. 16-00004-WS (Doc. 2) (S.D. Ala. 2016). Therefore, Robinson is entitled to appeal in forma pauperis. See Rule 24-1(b) of the Eleventh Circuit Rules of Appellate Procedure

**DONE** and **ORDERED** this 30th day of September 2019.

> **s / Kristi K DuBose**
> **KRISTI K. DuBOSE**
> **CHIEF UNITED STATES DISTRICT JUDGE**